STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| In re: Schiermeyer Two-Lot Subdivision | } | Docket No. 165-7-06 Vtec |
| (Appeal of Orlich) | } | |

Decision and Order on Appellee-Applicant's Motion for Summary Judgment

Appellant Joseph Orlich appealed from a decision of the Development Review Board (DRB) of the Town of Shrewsbury dated June 10, 2006, approving with conditions a two-lot subdivision proposed by Appellee-Applicant Sarah Schiermeyer. Appellant represents himself; Appellee-Applicant is represented by Jon S. Readnour, Esq.; the Town of Shrewsbury is a party but has not taken an active role in the present motions.

On October 25, 2006, this Court ruled on Appellee-Applicant's motion to dismiss and dismissed Questions 1 through 12, 16 and 19 of the Statement of Questions. In connection with the ruling on the motion to dismiss the Court also restated Appellant's remaining questions for clarity, and gave Appellant the opportunity to object to any of the restatements; Appellant agreed to those clarifications of Questions 13, 14, 15, 17, 18, and 20 through 26. The hearing on the merits of this application is scheduled to be held on May 1, 2007.

Appellee-Applicant has moved for summary judgment on all but Question 22[1] of Appellant's twelve remaining Questions. Appellant filed a response and on his request he was given until today, April 16, 2007, to file any supplementary responses.

---

[1] While the motion requests the Court in general "to dismiss the remaining Statement of Questions," the text of the motion does not address Question 22, which therefore remains for the hearing on the merits.

1

The application before the Court in this <u>de</u> <u>novo</u> appeal,[2] as submitted to the DRB on March 8, 2006, is for a two-lot subdivision consisting of Parcels A and B. The property is served by an existing "CCC Road" which extends from the north to the southwest and forms the easterly to southeasterly boundary of the proposed subdivision property. Appellant's property is located to the southwest of the subdivision property on the same side of the road, and also across the road southerly of the subdivision property.

Parcel A in the proposed subdivision is an approximately 21-acre parcel with an existing house and cabin (with existing water supplies and septic systems and proposed replacement septic systems). All of the development on Parcel A is located in the northeasterly portion of Parcel A, northerly of Parcel B. The remaining portion of Parcel A, located southwesterly of Parcel B, is not proposed for development. Parcel B is an approximately 10-acre parcel, containing an existing cabin served by an existing drilled well and septic system located relatively near the CCC Road. The cabin on Parcel B is proposed to be served by a new primary and replacement septic system, also located relatively near the road. The subdivision lots and proposed development are shown on the proposed subdivision plan, attached to Appellee-Applicant's motion for summary judgment as Attachment F (Proposed Subdivision Plan).

### Questions 17, 20, 23, and 24

Appellant has not opposed Appellee-Applicant's motion for summary judgment as to Questions 17, 20, 23 and 24; accordingly, summary judgment is hereby GRANTED in

---

[2] A previous application no longer before the Court had proposed a four-lot subdivision of the same parcel of land into Parcels A, B, C and D. Appellant's appeal of that four-lot subdivision (Docket No. 51-3-06 Vtec) was dismissed as moot on July 17, 2006. The present application excludes former Parcel C from the subdivision property, and combines former Parcels A and D into one lot, now called Parcel A; proposed Parcel B remains unchanged from the previous application.

favor of Appellee-Applicant as to Questions 17, 20, 23 and 24.

Question 13

Question 13 addresses whether the present proposed two-lot subdivision is required to conform to the original sketch submitted for the previous four-lot subdivision application. That previous application was withdrawn by Appellee-Applicant. This Court's October 25, 2006 decision already ruled that

> Appellee-Applicant's earlier application has been withdrawn, and is not before the Court in the present appeal. The subject matter of the present appeal is the [March 8, 2006] application that was the subject of the DRB's June 10, 2006 decision, which is a new application, rather than a continuation of the old one.

In re: Schiermeyer Subdivision, Docket No. 165-7-06 Vtec (Vt. Envtl. Ct., October 25, 2006), slip op. at 1. Accordingly, summary judgment is hereby GRANTED in favor of Appellee-Applicant as to Question 13.

Question 14

Question 14 asks whether the March 28, 2006 hearing was held out of time, that is, beyond the six-month time limit between a preliminary and a final subdivision application as provided in the Subdivision Regulations. As discussed with regard to Question 13, the present two-lot subdivision application was a new application and not a continuation of the former four-lot subdivision application. The present application was submitted to the DRB on March 8, 2006, twenty days before the March 28 hearing. Accordingly, summary judgment is hereby GRANTED in favor of Appellee-Applicant as to Question 14.

Question 18

Question 18 asks whether the spring is properly marked on the site plan. Appellee-

3

Applicant's engineer, Michael H. Roberts, states in his affidavit that location of the spring is accurately depicted on the subdivision plan. Appellant states in his response that his measurements indicate that the spring is closer to Appellee-Applicants property line than is indicated on the subdivision plan. As Question 18 involves a disputed issue of material fact, Appellee-Applicant's motion for summary judgment on Question 18 must be DENIED.

Questions 21 and 25

Question 21 asks whether Appellee-Applicant plans an access driveway onto Parcel B or Parcel D, and if so, where it is located. Question 25 asks whether the proposed subdivision meets the requirements of the Subdivision Regulations for the layout of possible roadways, in relation to Appellant's spring, including consideration of the potential for spills and runoff.

As discussed above with respect to Question 13, and see footnote 2, above, the present application is for a two-lot subdivision consisting of Parcel A and Parcel B, and does not propose a Parcel D at this time. While the Court appreciates Appellant's concern that future development of the southwesterly portion of Parcel A could have an effect on his spring, no such development is being proposed in the present application. As to Parcel B, the subdivision plan shows an existing driveway providing access from the road to the existing cabin, which is located relatively close to the CCC Road. This access to Parcel B is clearly marked on the subdivision plan, running from the road just north of the cabin. The land in that area is shown with contour lines that slope southeasterly towards the road. No new subdivision roads are proposed, and the existing driveway onto Parcel B is located approximately 900' by scale from Appellant's spring as shown on the Proposed Subdivision Plan. Appellant does not claim that the existing driveway to Parcel B has an adverse effect on his spring. Accordingly, summary judgment is hereby GRANTED in favor of Appellee-

4

Applicant as to Questions 21 and 25.

Questions 15 and 26

Question 15 asks whether contour lines between the proposed septic systems and Appellant's spring must be shown on the proposed subdivision site plans. In a related question, Question 26 asks whether "the topography" is "steeper than 5'" between Appellant's spring and the proposed septic field, and, if it is, whether that difference in elevation will affect Appellant's spring.

To the extent that Appellant remains concerned about the potential for future development within the southerly and southeasterly portion of Appellee-Applicant's Parcel A, we note again that no such development is currently proposed, and therefore the Court cannot now address it. If such development should be proposed at any time in the future, Appellant will have the opportunity to participate in the proceedings at that time and to appeal to this Court if necessary to raise issues regarding his concerns.

Contour lines are shown on the proposed subdivision plan in the area of the proposed septic systems. These lines show that the land slopes steeply almost directly to the south towards the road, dropping almost thirty feet in elevation from the primary system to the CCC Road as the road curves towards the southwest towards the Orlich property. Appellant admits that the Town's regulations do not require contour lines to be shown on the application, but argues that such lines are "critical" to show the steepness of the slope between Appellant's spring and the proposed subdivision, in support of his argument that the "issuance of the subdivision permit and installation of septic systems and consequent development will have an impact upon my spring." As the subdivision regulations do not require contour lines to be shown on the submitted plans, summary judgment is hereby GRANTED in favor of Appellee-Applicant as to Question 15.

The Court understands that Appellant is concerned to protect the existing spring on

5

his property, and that he asserts that the topography of the area slopes[3] steeply from the north-northeast towards that spring. While Appellee-Applicant's proposed subdivision shows a protected buffer extending 500 feet uphill and 150 feet downhill of Appellant's spring, material facts are disputed, or at least have not been provided to the Court, as to the direction of groundwater flow from the toe of the proposed mound septic system locations, and whether or not it would intercept the groundwater supplying Appellant's spring. Nevertheless, Appellant has not provided any facts or affidavit to counter paragraph 12 of Appellee-Applicant's engineer's affidavit filed on February 27, 2007, that:

> The water supply and wastewater system designed for the Applicant will not in my professional opinion adversely affect in any way the quantity or quality of the water supplied by [Appellant's spring] regardless of where it is located on the Orlich property.

Pursuant to V.R.C.P. 56(e), once a motion for summary judgment has been supported by affidavits as provided in the rule, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." And see Samplid Enterprises, Inc. v. First Vermont Bank, 165 Vt. 22, 25 (1996) (Allegations to the contrary must be supported by sufficient facts sufficient to create a genuine issue of material fact.) Although we have afforded Mr. Orlich, as the nonmoving party, the benefit of all reasonable doubts and inferences, he has not come forward with an engineer's affidavit or any other specific facts showing that there is a genuine issue of material fact on which evidence needs to be taken

---

[3] Appellee-Applicant is correct that the "steepness" of topography must be expressed in terms of a change in elevation over a certain distance. However, the Court understands Appellant in Question 26 to be asking whether there is a drop in elevation between the location of the septic system and the location of his spring, and whether his spring could be affected due to effluent traversing that distance under gravity flow.

on this issue at trial. Accordingly, although material facts are in dispute, or have not been provided to the Court, as to the relationship between the surface slope or change in elevation, and the subsurface flow of effluent, with respect to the relative locations of the septic system for Parcel B and Appellant's spring, Appellant has not come forward with disputed facts as to whether the proposed septic systems will adversely affect in any way the quantity or quality of the water supplied by Appellant's spring, regardless of where it is located on the Orlich property. Accordingly, summary judgment is hereby GRANTED in favor of Appellee-Applicant as to Question 26.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that summary judgement is GRANTED in Appellee-Applicant's favor as to Questions 13, 14, 15, 17, 20, 21, 23, 24, 25 and 26 of Appellant's Statement of Questions, which are thereby concluded. Appellee-Applicant's Motion for Summary Judgement is DENIED as to Questions 18 and 22 of Appellant's Statement of Questions. These two questions remain for trial unless they are moot in light of the Court's determination of the other questions.

A telephone conference to discuss whether these remaining questions are moot, and, if not, what evidence the parties propose to present at trial, has been scheduled for Tuesday April 24, 2007 (see enclosed notice).

The parties shall file any requests for findings or legal memoranda pertaining to Questions 18 and 22 either in writing at trial, or orally at the close of the evidence.

Done at Berlin, Vermont this 16th day of April, 2007.

_____
Merideth Wright
Environmental Judge